IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WALTER VANCE MOREHEAD                                                                                    PLAINTIFF

v.                                     Civil No. 1:24-cv-01098-BAB

NURSE STEPHANIE SHOLMES;
DAVID NORWOOD; JOHNATAN TUBBS;
and CLARENCE CAPPS                                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated in the Ouachita County Detention Center ("OCDC") in Camden, Arkansas.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of certain of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.     BACKGROUND

As an initial matter, the Court finds an inclusion of the procedural history of Plaintiff's Amended Complaint is helpful.   The Court initially severed Plaintiff's original complaint into two separate cases:  The instant case and Civil No. 1:24-cv-01097-BAB.  In this Severance Order, Plaintiff was instructed to file two amended complaints: (1) the first, in Civil No. 1:24-cv-01097-BAB, was to include Plaintiff's claims against originally named Defendants' Sheriff David Norwood, Jail Administrator Cameron Owens, Assistant Jail Administrator Johnathon Tubbs, and Correctional Officer Clarence Capps regarding a fall Plaintiff suffered due to alleged unconstitutional conditions of confinement; and (2) Plaintiff's second claim for denial of medical care, on an unrelated injury, asserted against Defendant Nurse Sholmes was to be asserted in this case, Civil No. 1:24-cv-01098.

Plaintiff filed Amended Complaints in both cases.   However, he did not follow the Court's instructions.   In his Amended Complaint in Civil No. 1:24-cv-0197-BAB, he named only Defendant Norwood and alleged only a failure to protect claim against him.   The Court ordered service in Civil No. 1:24-cv-0197 on Defendant Norwood on January 22, 2025.   (ECF No. 7).

In his Amended Complaint herein, Plaintiff again names Sheriff David Norwood, Assistant Jail Administrator Johnathon Tubbs, and Correctional Officer Clarence Capps as well as Nurse Stephanie Sholmes despite the Court's instructions to only allege his claims against Defendant Sholmes herein.[1]   However, in this Amended Complaint, Plaintiff does connect the conditions of confinement claim to his excessive force and denial of medical care claims all to the same incident.

---

1 Plaintiff did not name Jail Administrator Cameron Owens in the instant Amended Complaint. (ECF No. 8).

2

Therefore, with the amendment, the Court finds it proper to allow Plaintiff to allege all of his instant claims in the same Complaint. FED. R. CIV. P. 20(a)(2).

In his Amended Complaint, Plaintiff alleges he was subjected to excessive force, denied medical care, and subjected to unconstitutional conditions of confinement on November 19, 2024 in the OCDC. (ECF No. 8, p. 4). Plaintiff specifically alleges:

> On 11-19-2024 at approximately 1:40 pm: I Walter Morehead, an inmate at the [OCDC] was on my way to my cell . . . when I slipped and fell on the wet floor and injured my neck and back. Before impact with the floor I turned grabbing the rail and was accused of staging a slip and fall by jail staff. Assistant Jail Administrator Johnathon Tubbs and Clarence Capps and Nurse Stephanie Sholmes appeared instantly. Nurse Stephanie attempted to roll me over and I told her no because I was in so much pain. Staff left me laying on the floor (cold floor) for almost 30 minutes and refused to call the Emergency Room. After laying on the floor for almost 30 minutes, Jail Administrator Johnathn Tubbs grabbed my feet and Clarence Capps grabbed my shoulder and lifted me and carried me to my cell as I cried laughing in severe pain and hollering. Once in my cell I was laid gently on the floor and left there in pain. My neck and lower back was and still is in pain.

(ECF No. 8, pp. 4-5) (errors in original).

Plaintiff goes on to make a second claim for denial of medical care against Defendant Sholmes on December 20, 2024 in which he states: "denied medical care after I slipped and feel on a wet floor." (ECF No. 8, p. 6).

Plaintiff alleges these claims against all Defendants in both their individual and official capacities. However, Plaintiff does not provide any additional allegations for his official capacity claims. (ECF No. 8, p. 7). For relief, Plaintiff seeks compensatory damages for pain and suffering and loss of property. *Id.* at 11.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

In his Amended Complaint, Plaintiff: (1) list Defendant Norwood as a Defendant but fails to assert any facts or claims against him; (2) claims his constitutional rights were violated by unconstitutional conditions of confinement through a wet floor; (3) claims Defendants Tubbs,

Sholmes, and Capps denied him medical care; (4) claims Defendants Tubbs, Sholmes, and Capps exerted excessive force against him after his fall; and (5) asserts all claims against all Defendants in both their individual and official capacities. The Court finds Plaintiff has failed to state cognizable claims against Defendant Norwood, failed to state a cognizable condition of confinement claim against any Defendant, and failed to state any cognizable official capacity claims.

### A.  Respondeat Superior

As an initial matter, while Plaintiff lists Sheriff Norwood as a Defendant, he does not assert any factual allegations against him. Plaintiff appears to list Defendant Norwood simply because he is the Sheriff of Ouachita County. However, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Servs.*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability.") (internal quotations omitted).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting

5

*Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Therefore, Plaintiff's claims asserted against Sheriff Norwood fail as a matter of law and he should be dismissed from this action.

### B. Conditions of Confinement

Next, Plaintiff's condition of confinement claim, regarding the wet floor which he asserts caused him to slip and fall, also must fail as a matter of law. As a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 525 n.16 (1979)).

Under this standard, the government may detain defendants pretrial and "may subject [them] to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538. Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39). However, "[n]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.*

It is well established, however, that a "slip-and-fall," without more, does not amount to a constitutional concern. *See Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (rejecting as

6

frivolous prisoner's claim that a slip and fall constituted a constitutional violation). At most, Plaintiff's claim that he slipped on the floor amounts to ordinary negligence. *Stearns*, 957 F.3d at 910 n.5 ("lability for negligently inflicted harm is categorically beneath the threshold of constitutional due process") (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). Accordingly, Plaintiff's conditions-of-confinement claim fails as a matter of law.

Moreover, Plaintiff only claims the floor was wet but provides no information as to who caused the floor to be wet. (ECF No. 8, pp. 4-5). As explained above, Section 1983 requires a causal link to, and direct responsibility for, the constitutional violation. *See Clemmons*, 477 F.3d at 967 (8th Cir. 2007). Plaintiff failed to make any factual allegations showing any of the named Defendants caused the floor to be wet.

### C. Official Capacity Claims

Plaintiff wholly failed to assert any official capacity claims against any Defendant. In his Amended Complaint, while Plaintiff checks the box stating he is asserting his claims against Defendants in their official and individual capacities, he asserts no official capacity claims or facts. (ECF No. 8).

Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the

only type of immunity available is one belonging to the entity itself." *Id.* Plaintiff did not allege any policy, procedure, or custom of Ouachita County caused the wet floor, denial of medical care or excessive force. Accordingly, Plaintiff has failed to state any official capacity claims.

### D.  Surviving Claims

Plaintiff's excessive force and denial of medical care claims alleged against Defendants Tubbs, Sholmes, and Capps are sufficient to survive at this juncture.

### IV.  CONCLUSION

For these reasons, it is recommended that:

(1) All of Plaintiff's claims against Defendant Norwood, all of Plaintiff's official capacity claims, and Plaintiff's conditions of confinement claim be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(2) Plaintiff's claims of excessive force and denial of medical care asserted against Defendants Tubbs, Sholmes, and Capps should proceed for service by separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:   This matter should remain referred.**

DATED this 12th day of March 2025.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE